Anna A. Boronich v. Commissioner.
Boronich v. Commissioner
Docket No. 93019.
United States Tax Court
T.C. Memo 1963-141; 1963 Tax Ct. Memo LEXIS 203; 22 T.C.M. (CCH) 666; T.C.M. (RIA) 63141; May 23, 1963
John P. Tobin, 6331 Hollywood Blvd., Hollywood, Calif., for the petitioner. Lawrence S. Kartiganer for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: The respondent has determined the following deficiencies in petitioner's income tax: Year
Deficiency
1957
$412.23
1958
364.59
Certain adjustments have been agreed to, and the only remaining issues are whether petitioner is entitled to certain bad debt, gasoline and sales tax deductions. Some of the facts have been stipulated and are so found. Petitioner is an individual who resides at Los Angeles, California. She filed her income tax returns for the calendar years 1957 and 1958 with the district director of internal revenue, Los Angeles, California. During the years in issue, petitioner was *204 employed as a teacher, working at one public school in 1957 and two in 1958. Sometime prior to 1956, petitioner made a personal loan of $1,590 to one Bruce Roberts (hereinafter called Roberts). This loan was not in connection with any business activities of the petitioner. At the time she made the loan, petitioner expected to be repaid in late 1955 and in 1956. At the time of the loan, Roberts, who was a writer, was only occasionally gainfully employed. To petitioner's knowledge, Roberts did not have any money or assets at the time of the loan. Petitioner unsuccessfully tried to collect the money from Roberts in the latter part of 1955 and in 1956. A document signed by Roberts and dated April 10, 1957, stated: I hereby state that I have borrowed the sum of $1590.00 from Anna Boronich. The last time petitioner saw Roberts was during the summer of 1957. During 1957 or 1958, petitioner employed an attorney in an attempt to collect the loan from Roberts. Thereafter, this attorney orally told petitioner that he did not think the debt could be collected. During 1957 and 1958 petitioner made personal attempts to find Roberts. Subsequently, the attorney sent petitioner a letter, *205 dated March 26, 1959, which stated: Dear Mrs. Boronich: In reviewing your case wherein Bruce Roberts signed a writing wherein he stated that he owed you the sum of $1590.00 because of a loan, please be advised that no part of this loan has been collected and I do not know the whereabouts of Mr. Roberts. You have until July 31, 1960 to file an action against Mr. Roberts, but if we do not know where he has some assets or if he is not working, it would be a case of throwing out good money for bad, because I would have to charge you attorney fees as well as Court costs and you would end up with a judgment that was not collectible. Please make up your mind what you want me to do in this matter and send me a letter to that effect. Unless you know something new, I do not believe that this debt will ever be collected. Very truly yours, /s/ James T. Byrne Subsequent to the receipt of the above letter, petitioner employed another attorney in this matter. She replaced the first attorney in order to have the attempts to collect the loan continued. The second attorney filed suit against Roberts to recover the loan in the Municipal Court of Los Angeles, case No. 702272, on March 18, 1960. The *206 second attorney made several unsuccessful attempts to serve Roberts with a copy of the summons and complaint in the action. These attempts continued until early 1962, but were unsuccessful. Petitioner had not been paid back any part of the loan by trial time, but she still had hopes of collecting it. On her 1957 income tax return, petitioner claimed a deduction of $700 for "loss - cash - not covered by insurance - B.d." On her 1958 income tax return, she claimed a deduction of $725 for "loss - not covered by insurance (cash)." Petitioner's mother resided about 25 miles from her. She visited her mother approximately four times per week, and usually spent 1 day per week assisting her mother with marketing. During the relevant period she drove a Chrysler New Yorker which traveled between 8 and 11 miles per gallon of gasoline. Petitioner claimed respective gasoline tax deductions of $150 and $170 on her 1957 and 1958 income tax returns. The California gas tax during the period in issue was 6 cents per gallon. On her 1957 income tax return, which showed adjusted gross income of $5,622.73, she claimed a $125 sales tax deduction. The relevant sales tax for the period in issue was 3 *207 1/2 percent. Petitioner's claim of partial worthlessness of the Roberts' debt in 1957 and 1958 is in error. The debt was clearly of a nonbusiness nature and cannot be deducted due to alleged partial worthlessness. Section 166 [1] of the Internal Revenue Code of 1954; section 1.166-5(a)(2) [2] of the corresponding regulations. *208 Petitioner has not sustained her burden of proving that the debt actually became wholly worthless in either 1957 or 1958. The entire factual context, including the attempts at collection far beyond 1958 and the remaining hope of collection, attests to the fact that she has not sustained her burden of proof. We find for the respondent on this issue. Petitioner has not met her burden of countering the presumption of correctness of the Commissioner's determination that she is entitled to a deduction of only $75 in 1957 for sales taxes. We believe the record does support deductions of $120 and $150 for gasoline taxes in 1957 and 1958, respectively, and those amounts are allowed in lieu of the amounts of $50 and $85.08 determined by respondent. Decision will be entered under Rule 50. Footnotes
1. SEC. 166. BAD DEBTS. (a) General Rule. - (1) * * * (2) Partially worthless debts. - When satisfied that a debt is recoverable only in part, the Secretary or his delegate may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction. * * *
(d) Nonbusiness Debts. - (1) General rule. - In the case of a taxpayer other than a corporation - (A) subsection (a) * * * shall not apply to any nonbusiness debt; and (B) where any nonbusiness debt becomes worthless within the taxable year, the loss resulting therefrom shall be considered a loss from the sale or exchange, during the taxable year, of a capital asset held for not more than 6 months. ↩
2. § 1.166-5 Nonbusiness debts. (a) Allowance of deduction as capital loss. * * *
(2) If, in the case of a taxpayer other than a corporation, a nonbusiness debt becomes wholly worthless within the taxable year, the loss resulting therefrom shall be treated as a loss from the sale or exchange, during the taxable year, of a capital asset held for not more than 6 months. * * * A loss on a nonbusiness debt shall be treated as sustained only if and when the debt has become totally worthless, and no deduction shall be allowed for a nonbusiness debt which is recoverable in part during the taxable year.↩